UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CAROLE S. GAULER, Personal Representative of the Estate of Paul L. Klein,

Plaintiff

v.

INTERNAL REVENUE SERVICE, et al.,

Defendants

Case No.: 3:24-cv-00082-ART-CSD

**Order**

Re: ECF Nos. 12, 16

Before the court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. (ECF No. 12.) Plaintiff filed a response. (ECF No. 15.) Defendants filed a reply. (ECF No. 17.) Plaintiff has also filed a proposed discovery plan and scheduling order (DPSO). (ECF No. 16.)

For the reasons set forth below, Defendants' motion to stay discovery pending resolution of their motion to dismiss is granted, and Plaintiff's proposed DPSO is denied without prejudice. The parties may submit a proposed DPSO in the event District Judge Traum denies Defendants' motion to dismiss.

**I. BACKGROUND**

Plaintiff, who is the personal representative of the Estate of Paul L. Klein, filed this action against the Internal Revenue Service (IRS) and the Commissioner of the IRS, Daniel Werfel. A tax return was filed on behalf of the Estate around September 2017, and it was processed with no difficulty. In early April 2020, in the beginning of the COVID-19 pandemic, Plaintiff mailed in an amended return to the IRS which had been prepared by an accountant. The

accountant contacted the IRS in September 2020, and it was reported that they did not have the amended return in their system yet, which could have been due to COVID-19 related furloughs, and it could take three to five months for a refund check.

The accountant called the IRS again in February and March 2021, but the accountant was not able to get through to the IRS Estate and Gift Tax Section.

Plaintiff alleges that during the COVID-19 pandemic, taxpayers and tax preparers were cautioned numerous times not to re-file returns as it would only compound the severe backlog faced by the IRS.

In August 2021, the accountant relayed to Plaintiff that there was no further activity posted by the IRS related to the amended return, and that the time frame within which to file an amended return had since passed. The accountant was informed at that time by the IRS that it had not received the amended return.

In late October 2021, Plaintiff sent the IRS a re-processed amended return along with a letter requesting that the IRS grant reasonable cause for the late filing. In December 2022, the IRS indicated that a refund would not be allowed because the amended return was filed more than three years after the tax return was filed.

Plaintiff's complaint asserts three claims: (1) a claim for a refund (which arises under 26 U.S.C. § 7422); (2) a claim for unauthorized collection under 26 U.S.C. § 7433; and (3) violation of the Taxpayer Bill of Rights, 26 U.S.C. § 7803(3). Plaintiff has since agreed to voluntarily dismiss the second and third claims. (*See* ECF No. 9.)

Defendants have filed a motion to dismiss the refund claim pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the court lacks subject matter jurisdiction over this

claim because Plaintiff has not alleged, and cannot allege, that a timely request for a refund was filed. (ECF No. 5.)

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id.* (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Judges within the District of Nevada have used varying approaches to determine whether a stay of discovery is warranted while a potentially dispositive motion is pending: the "preliminary peek" approach and the "good cause" approach.

Under the "preliminary peek" approach, courts look at whether: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a preliminary peek at the merits of the potentially dispositive motion and is convinced that the motion may be successful and the claim(s) will be dismissed. *Id.* (citation omitted).

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citation omitted).

"[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

Under the more lenient "good cause" approach, courts evaluate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citations omitted). Good cause may exist if the moving party convinces the court the plaintiff cannot state a claim. *Id*. It may also exist when other factors are present, such as undue burden or expense or prejudice. *Id*.

This court has generally used the preliminary peek approach to assess whether a stay is warranted pending resolution of a dispositive motion.

First, Plaintiff does not dispute that Defendants' motion is potentially dispositive of this action. This factor weighs in favor of a stay.

Second, Plaintiff states that it is unclear whether the motion to dismiss can be decided without additional discovery. However, the motion is fully briefed, and Plaintiff does not identify any particular discovery that is required to resolve the motion. Therefore, this factor also weighs in favor of a stay.

Finally, the court has taken a preliminary peek at the merits of the pending motion to dismiss and is convinced that the motion may be successful and result in the dismissal of this action.

"[T]he United States has waived its immunity from suit by allowing a taxpayer to file a civil action to recover 'any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" *Baldwin v. United States*, 921 F.3d 836, 839 (9th Cir. 2019) (citing 28

U.S.C. § 1346(a)(1)). "Under the Internal Revenue Code (IRC), though, no such action may be maintained in any court 'until a claim for refund or credit has been duly filed' with the IRS, in accordance with IRS regulations." *Id*. (citing 26 U.S.C. § 7422(a); *United States v. Dalm*, 494 U.S. 596, 609 (1990)).

In other words: "Unless a taxpayer has duly filed a claim for refund of federal taxes with the IRS, a district court is without jurisdiction to entertain a suit for refund … and a claim is not duly filed unless it is timely." *Yuen v. U.S.*, 825 F.2d 244, 245 (9th Cir. 1987) (citations omitted). Timeliness is governed by 26 U.S.C. § 6511, which provides that a claim for a refund must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever is later. 26 U.S.C. § 6511(a), (b)(1).

Here, the original return was filed in September 2017. Therefore, Plaintiff was required to file the amended refund claim by September 2020.

Plaintiff alleges that she sent the amended form in early April 2020. However, she also alleges that the IRS never received the amended form.[1]

Plaintiff cannot rely on the common-law mailbox rule to support an argument that her mailing of the April 2020 was timely. *See Baldwin*, 921 F.3d at 840-844.[2] Prior to 1954, tax documents were timely filed "only if they were physically delivered to the IRS by the applicable deadline." *Id*. at 839-40. In 1954, Congress enacted IRC § 7502, which provides that "if a document is received by the IRS after the applicable deadline, it will nonetheless be deemed to

---

[1] In the response to the motion to dismiss, Plaintiff does not appear to dispute that she must rely on the April 2020 amended form as the reprocessed amended form submitted in October 2021 is clearly untimely.

[2] "Under the common-law mailbox rule, proof of proper mailing—including by testimonial or circumstantial evidence—gives rise to a rebuttable presumption that the document was physically delivered to the addressee in the time such a mailing would ordinarily take to arrive." *Baldwin*, 91 F.3d at 840 (citations omitted).

have been delivered on the date that the document is postmarked[.]" *Id*. at 840 (citing 26 U.S.C. § 7502(a)(1)). "This exception means that a document will be deemed timely so long as two things are true: (1) the document is *actually* delivered to the IRS, even if after the deadline; and (2) the document is postmarked on or before the deadline." *Id*. (emphasis original).

"If the document is never delivered at all—say, because it gets lost in the mail—the exception by its terms does not apply." *Id*. (citation omitted). Here, Plaintiff alleges that the IRS never received the amended form; therefore, this exception would not apply.

Section 7502(c)(1) provides another exception to the physical-delivery rule applicable to documents sent by registered mail. *Id*. In that case, "the registration will serve as prima facie evidence that the document was delivered, and the date of registration will be treated as the postmark date[.]" *Id*. This exception "provides a presumption that a document sent by registered mail was delivered even if the IRS claims not to have received it, so long as the taxpayer produces the registration as proof." *Id*. at 841. The same exception would apply for documents sent by certified mail, electronic filing, and private delivery services. *Id*. at 841, n. 1; 26 U.S.C. § 7502(c)(2), (f)(3).

Plaintiff does not allege that she sent the amended form by registered mail, certified mail, electronic filing or private delivery service. Nor does she argue in her response to the motion to dismiss that she could amend to assert such an allegation. Therefore, the exception in 7502(c)(1) does not apply.

In deciding that IRC § 7502 supplants the common-law mail box rule, the Ninth Circuit relied on 26 C.F.R. § 301.7502-1(e)(2)(1), which "makes clear that, unless a taxpayer has direct proof that a document was actually delivered to the IRS, IRC § 7502 provides the exclusive means to prove delivery." *Id.* at 841-42.

In *Baldwin*, as in this case, the plaintiffs did not dispute that their amended return that they claimed was timely filed was never received by the IRS. They offered testimony of the employees who mailed the documents, but the Ninth Circuit found the district court's acceptance of this testimony under the common-law mailbox rule was improper in light of Section 7502. The Ninth Circuit concluded that "because timely filing is a mandatory requirement for maintaining tax refund suits [under 26 U.S.C. § 7422(a)," the Baldwins' case must be dismissed.

Here, Plaintiff's complaint contains no allegation that the amended form sent in April 2020 was actually physically delivered to the IRS. Nor does she offer any argument that she could amend to assert such an allegation. In addition, none of the exceptions under Section 7502 apply. Plaintiff appears to allege that equity mandates that this case continue, but courts have held that the timing requirements of section 6511 are not subject to equitable exceptions. *See U.S. v. Brockamp,* 519 U.S. 347, 354 (1997) ("Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations."); *Danoff v. U.S.*, 135 Fed.Appx. 950, 951 (9th Cir. 2005). Therefore, it appears likely that Plaintiff's action will be dismissed for lack of subject matter jurisdiction.

The court is not convinced that Plaintiff will be successful in her argument that the motion to dismiss should be denied because Defendants assert a factual attack as to subject matter jurisdiction and the facts are intertwined with the merits of her refund claim. The jurisdictional question—whether Plaintiff timely filed the refund claim—is separate from the merits of the refund claim. Moreover, Defendants' jurisdictional argument is facial rather than factual. Nor does Plaintiff's argument regarding the procedural posture of *Baldwin* carry the day. The fact remains that the court is without jurisdiction to hear this action if the amended return

was not timely. Based on the face of the complaint, the amended return was not timely, and Plaintiff offers no plausible allegation by which she could amend to correct this deficiency.

As such, the court will grant Defendants' motion to stay discovery pending resolution of the motion to dismiss.

### III. CONCLUSION

Defendants' motion to stay discovery pending resolution of their motion to dismiss (ECF No. 12) is **GRANTED**.

Plaintiff's proposed DPSO (ECF No. 16) is **DENIED WITHOUT PREJUDICE**. The parties may file a proposed DPSO in the event District Judge Traum denies Defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated: September 26, 2024

_____
Craig S. Denney
United States Magistrate Judge