UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROLE S. GAULER, PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL L. KLEIN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:24-cv-00082-ART-CSD<br><br>ORDER ON MOTION TO DISMISS<br><br>(ECF No. 5) |

This case is about a refund for tax overpayment. Plaintiff Carole Gauler sued the Internal Revenue Service (IRS) for not processing a tax refund sent during the COVID-19 pandemic. The Government responded that Gauler has not alleged facts allowing this Court to exercise jurisdiction. The Court agrees.

I.  **FACTUAL BACKGROUND**

In September 2017, Plaintiff Gauler submitted a tax return that allegedly overpaid $428,873 in tax. (ECF No. 9-1 at 4.) In late March or April 2020, she submitted an amended return seeking a refund of $428,873. (*Id.* at 3–4.) Gauler and the Government agree that if this return had been received before September 2020, it would have been a timely request for a refund. (ECF No. 9-1 at 4; *see* ECF No. 10 at 2.) Gauler alleges that she "timely mailed" this amended return to the IRS, but she does not allege whether she used regular, certified, or registered mail or a private delivery service. (*See* ECF No. 9-1 at 4.)

Gauler and her Certified Public Accountant Michael McGowan attempted to verify that the return had been received. (*Id.* at 4–5.) McGowan kept a phone log for his calls to the IRS Estate and Gift Tax Section throughout September 2020. (*Id.* at 4.) He followed directives from the IRS issued during the COVID-19

1

pandemic instructing taxpayers to "not file a second tax return or contact the IRS about the status of your return." (*Id.*) Gauler alleges that throughout the pandemic, the IRS instructed "taxpayers and tax preparers . . . not to refile returns as this would only further compound the severe backlog already faced by the IRS and would potentially cause further delay or processing complications." (*Id.* at 5.)

McGowan eventually reached an IRS representative on the phone. The representative said that Gauler's amended return had not appeared in their system, "which . . . is not surprising due to COVID-19 furloughs," and that Gauler's "best guess for a refund check is 3 to 5 months from now." (ECF No. 9-1 at 5.) Following this advice, Gauler and McGowan waited for the refund. (*Id.*) McGowan again attempted calling the IRS section, but no one picked up. (*Id.*)

Months later, long after the deadline to submit an amended return had passed, an IRS representative told McGowan that the IRS never received Gauler's amended return. (ECF No. 9-1 at 6.) Gauler resubmitted the amended return and filed a claim explaining the circumstances leading to the late-filed amended return. (*Id.* at 6–7.) The IRS rejected the resubmitted amended return and the claim form as untimely. (*Id.* at 7.)

Gauler sued, alleging that the IRS failed to process her amended refund and that the IRS's warnings not to refile returns during the pandemic bars the agency from arguing that Gauler failed to timely file her amended return. (ECF No. 9-1 at 9.) The Government responded, arguing that Gauler has failed to allege facts that would give this Court jurisdiction to review her claim. (ECF Nos. 5, 10.)

II. **PROCEDURAL HISTORY**

Gauler's original complaint brought three causes of action. (ECF No. 1.) In her response to the Government's Motion to Dismiss, Gauler filed an amended complaint which voluntarily dismissed two claims, leaving one claim under 26 U.S.C. § 7422. (ECF No. 9-1 at 9.) The Government has stated that it does not

object to the amended complaint being treated as the operative complaint. (ECF No. 10 at 1.) Accordingly, the Court treats Gauler's amended complaint (ECF No. 9-1) as the operative complaint.

## III. STANDARD OF REVIEW

The federal rules permit motions to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Arguments to dismiss for lack of subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A court determines "whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (internal quotation marks and citations omitted). The party asserting claims bears the burden of showing the court's subject-matter jurisdiction. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

## IV. Analysis

The Government argues that Gauler has failed to plead facts showing that this Court may exercise subject-matter jurisdiction over Gauler's claim for refund. Gauler responds, arguing that the Government's reliance on *Baldwin v. United States*, 921 F.3d 836 (9th Cir. 2019), is misplaced. Gauler also argues that equitable estoppel or equitable recoupment prevent the Government from asserting its jurisdictional arguments.

### A. Lack of Facts Establishing Subject-Matter Jurisdiction

The Government argues that Gauler has not alleged jurisdictional facts that were held necessary in *Baldwin v. United States*, 921 F.3d 836 (9th Cir. 2019). (ECF No. 5 at 9.) Gauler responds that the Government's motion to dismiss is a factual attack on jurisdiction which goes to the merits of her claim and

1  requires further proceedings. (See ECF No. 9.)

2  Federal district courts lack subject-matter jurisdiction over untimely tax-refund suits. *United States v. Dalm*, 494 U.S. 596, 608–09 (1990). To establish subject-matter jurisdiction, a taxpayer must allege facts that show the tax refund was timely filed. *See Baldwin*, 921 F.3d at 841. If it is not clear that the IRS received the tax refund, certain facts establish timely filing: proof of actual delivery, use of registered or certified mail, or use of a duly designated private delivery service. *Id.* at 840–42 (citing 31 C.F.R. § 301.7502-1(e)(2)). Without these facts, a district court "[lacks] the authority" to hear a taxpayer's suit. *Id.* at 839.

Gauler has not alleged the required facts to show that her return was timely filed. Gauler alleged that her refund was mailed to the IRS. (*See* ECF No. 9-1 at 4.) She did not allege that her refund was actually delivered, that she sent it by registered or certified mail, or that she sent it through a designated private delivery service. (*Id.*) Without one of these facts alleged in the complaint, "the allegations . . . are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.

Gauler argues that it is improper to grant a motion to dismiss because the fact of whether she timely submitted her refund is an element of her claim. (ECF No. 9 at 4.) The Government responds that this rule does not apply to a facial jurisdictional challenge and that the elements of Gauler's refund claim are different than those required to establish jurisdiction. (ECF No. 10 at 8–10.) When jurisdictional facts are intertwined with the merits of an underlying claim, a court may not resolve disputed facts in a 12(b)(1) motion. *See Rivas v. Napolitano*, 714 F.3d 1108, 1112–13 (9th Cir. 2013). This rule does not apply in a facial challenge, in which a court does not resolve any disputed facts. Accepting all pleaded facts in Gauler's Complaint as true, it fails to establish jurisdiction because it is missing an allegation that the IRS actually, timely received the amended return or that certified or registered mail or a duly-filed delivery service was used to carry

out timely delivery. Without an allegation corresponding to this jurisdictional requirement, the case may not proceed.

### B. Applicability of *Baldwin v. United States*

Gauler argues that *Baldwin* does not apply because of its procedural posture, and that if it does, it still requires the case to proceed beyond the pleadings stage. (*See* ECF No. 9.)

Gauler argues that *Baldwin* does not apply because the case had proceeded through a bench trial, and this case is at the pleading stage. (*Id.* at 6.) In *Baldwin*, the plaintiffs claimed that their employees mailed their amended return, but the IRS never received it. 921 F.3d at 841. The district court found that the Baldwins showed timely filing through their employees testifying that they had mailed the amended tax return to the IRS. *Id.* The court decided in favor of the Baldwins on the rest of their refund claim, and the IRS appealed. *See id.* The Ninth Circuit dismissed the case for lack of jurisdiction. *Id.* at 839 (district court "lacked the authority to hear" the suit). A jurisdictional holding applies to cases at the pleading stage, even if it reverses a case that proceeded to judgment. *See Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016) ("objections to subject matter jurisdiction may be raised at any time"). It is appropriate to apply *Baldwin* here to avoid proceeding to judgment, then having the case dismissed for lack of jurisdiction at summary judgment or on appeal.

Gauler argues that because *Baldwin* requires the Plaintiff to "prove she submitted the claim," her case must proceed beyond the pleading stage. (ECF No. 9 at 6.) Gauler is correct that extrinsic evidence would later be required to reach judgment, but the complaint must also allege jurisdictional facts. *See Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d 998, 1001 (E.D. Cal. 2019), *aff'd*, 38 F.4th 68 (9th Cir. 2022) (citing *Savage v. Glendale High Union Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003)). To prevail, Gauler must prove these facts, and at the pleading stage she must allege them.

### C. Equitable Arguments

Gauler argues that the doctrines of equitable estoppel and equitable recoupment should allow her case to move forward. Both theories rely on the premise that the amended return "would have been timely resubmitted but for the unprecedented backlog and the IRS publicly directing taxpayers not to refile." (ECF No. 9 at 6.)

To support her theory based on equitable estoppel, Gauler points to *Schuster v. Commissioner of Internal Revenue*. (ECF No. 9-1 at 7 (citing *Schuster*, 312 F.2d 311, 318 (9th Cir. 1962))). In *Schuster* an outgoing commissioner told the petitioners that they were not liable for a tax deficiency, and the incoming commissioner told them that they were. 312 F.2d at 313, 318. The Ninth Circuit found that one petitioner could make an estoppel claim. *Id.* at 318.

*Schuster* does not apply here. Unlike in *Schuster*, the IRS never changed its position about what proof would satisfy the agency or a court that the amended return had been timely filed: proof of actual delivery, registered or certified mail, or a duly designated private delivery service. 31 C.F.R. § 301.7502-1(e)(2). *Schuster* is distinguishable because it did not involve an equitable exception to a filing deadline, a practice emphatically discouraged by the Supreme Court. *United States v. Brockamp*, 519 U.S. 347, 351, 354 (1997) (holding that Congress did not intend equitable doctrines to apply to the statute of limitations in tax refund cases); *see also Danoff v. United States*, 324 F. Supp. 2d 1086, 1099–1100 (C.D. Cal. 2004), *aff'd,* 135 F. App'x 950 (9th Cir. 2005) (finding that courts after *Brockamp* "uniformly have held that equitable principles, including the doctrine of equitable estoppel, *cannot* toll statutes of limitation in tax refund suits" (emphasis in original) and collecting cases). Accordingly, equitable estoppel does not apply here.

Gauler points to equitable recoupment as a theory that could permit her claim to move forward, citing *United States v. Dalm*. (ECF No. 9-1 at 7 (citing

6

*Dalm*, 494 U.S. at 610).) But in *Dalm*, the Court acknowledged that in a timely suit for refund a court may exercise jurisdiction over an earlier claim. 494 U.S. at 610. The issue here is that this suit is untimely as pled, and the Court lacks jurisdiction. Accordingly, equitable recoupment does not apply, and this Court may not hear Gauler's equitable arguments based on the allegations and arguments before it.

### D. Dismissal With or Without Prejudice

Because it is not clear from the pleadings that Gauler lacks proof of actual delivery, use of certified mail or registered mail, or use of a duly designated private delivery service, the Court dismisses the complaint without prejudice and with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### V.  CONCLUSION

The Court instructs the Clerk to file Plaintiff's amended complaint (ECF No. 9-1) as the operative complaint in this suit.

The Court also grants the Government's motion to substitute Connor Pestovich for Samuel Holt as counsel for the Government. (ECF No. 20.)

The Court grants the Government's motion to dismiss (ECF No. 5) Plaintiff's amended complaint without prejudice and with leave to amend by Friday, April 11, 2025.

DATED THIS 14th day of March, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE