UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CAROLE S. GAULER,

                Plaintiff,

v.

IRS, *et al.*,

                Defendants.

Case No. 3:24-cv-00082-ART-CSD

ORDER ON MOTION FOR
RECONSIDERATION (ECF No. 23)

## I.      Factual and Procedural Background

Plaintiff Carole S. Gauler sued the Internal Revenue Service ("IRS") for not processing a tax refund sent during the COVID-19 pandemic ("pandemic"). (ECF No. 1.) The Government moved to dismiss for lack of jurisdiction. (ECF No. 5.) This Court dismissed Plaintiff's claim without prejudice and with leave to amend. (ECF No. 22.) Plaintiff has moved for reconsideration arguing that the Court erred in denying equitable relief due to the IRS's own actions discouraging her from re-sending her tax return during the pandemic. (ECF No. 23 at 3.) The Government responded. (ECF No. 24.) Plaintiff replied. (ECF No. 25.)

For the foregoing reasons, the Court denies Plaintiff's Motion for Reconsideration.

## II.      Legal Standard

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LR 59-1(a). A district court "possesses the inherent procedural

power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Motions for reconsideration are disfavored, and a movant "must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b).

### III.    Analysis

Plaintiff moves to reconsider the dismissal of her case on the grounds that the Court erred in holding that equitable estoppel does not apply against the Government in this case. Plaintiff acknowledges that she is unable to provide an appropriate proof of mailing her amended tax return as required by *Baldwin v. United States*, 921 F.3d 836 (9th Cir. 2019). (ECF No. 23 at 1-2.) She argues instead that the Court inappropriately discounted the inequities created by the conditions of the pandemic and the IRS's own directive to not resend her tax return. These conditions, in her view, make any effort to factually analogize to existing precedent futile and therefore inaccurate.

Plaintiff disputes this Court's reliance on *Baldwin v. United States*, 921 F.3d 836 (9th Cir. 2019), to conclude that she could not state her claim without proof of mailing her tax return. (ECF No. 23 at 2.) Plaintiff argues that *Baldwin* is not applicable because it "stems from a time when the government, the IRS included, was deemed to be operational" and "that no reasonable circumstances existed to justify deviation from its duties." (ECF No. 23 at 2.) The Ninth Circuit held in *Baldwin* that the district court lacked jurisdiction to hear a tax refund suit because the plaintiff failed to allege that she timely filed her tax return by an acceptable delivery method. *Baldwin*, 921 F.3d at 840-42 (citing 31 C.F.R. § 301.7502-1(e)(2)).

Plaintiff claims that the Court must focus on the fact that the IRS explicitly

2

directed her to not resend tax filings, rather than the lack of proof of delivery. The Court finds that Plaintiff cannot get around *Baldwin*'s jurisdictional holding. Treasury Regulation § 301.7502-1 describes circumstances under which the delivery requirements may be altered, and each require the Commissioner to publish guidance in the Internal Revenue Bulletin. *See* 26 C.F.R. § 301.7502-1(c)(3), (d), (e)(2)(ii). In analyzing the construction of the statute, the court found that "Congress considered the issue of exceptions, and, in the end, limited the statute to the ones set forth." *Baldwin*, 921 F.3d at 843 (quoting *United States v. Johnson*, 529 U.S. 53, 58 (2000)). Because Plaintiff does not have a qualifying exception to the proof of delivery methods, she has failed to demonstrate that the IRS received her timely amended return.

Plaintiff also argues because *Schuster v. Comm'r*, 312 F.2d 311, 317 (9th Cir. 1962) supports her argument that equitable estoppel can be applied against the IRS, the Court erred in distinguishing that case on its facts. (*Id.*) In *Schuster*, an outgoing Commissioner told the petitioners that they were not liable for a tax deficiency, and the incoming Commissioner told them that they were. 312 F.2d at 313, 318. The Ninth Circuit found that one petitioner could make an estoppel claim. *Id.* at 318. In its Order, this Court found that *Schuster* was not applicable because the IRS never changed its position about what proof would satisfy the agency or a court that the amended return had been timely filed, and it did not involve an equitable exception to a filing deadline. (ECF No. 22 at 6.)

Plaintiff proposes that the Court should consider *Schuster*'s holding, that equitable estoppel was available against the IRS, rather than its facts. *Schuster*, 312 F.2d at 317. Even the *Schuster* court, however, found that equitable estoppel should only be applied "with utmost caution and restraint," and that "such situations must necessarily be rare, for the policy in favor of an efficient collection of the public revenue outweighs the policy of the estoppel doctrine in its usual and customary context." *Id.* Importantly, *Schuster* was decided thirty years before

the Supreme Court held that time limits in section 6511 of the tax code are not subject to equitable tolling. *Brockcamp v. Commissioner,* 519 U.S. 347, 351 (1997). In rejecting equitable tolling, the Court in *Brockamp* stated, "Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended 'equitable' exceptions into the statute that it wrote. There are no counterindications." *Id.*[1]

Plaintiff argues that *Brockcamp* does not prevent the relief she requests because it is a case about equitable tolling, and not equitable estoppel. (ECF No. 25 at 4.) The doctrine of equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period, while equitable estoppel focuses on the actions of the defendant. *See Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir. 1998). Plaintiff argues that equitable estoppel applies here because the amended return "would have been timely resubmitted but for the unprecedented backlog and the IRS publicly directing taxpayers not to refile." (ECF No. 9 at 6.) But as noted in this Court's Order, *Brockcamp*'s holding has been applied to equitable estoppel in cases such as *Danoff v. United States,* F. Supp. 2d 1086, 1099-1100 (C.D. Cal. 2004) (collecting cases where equitable estoppel was denied in tax refund suits). (ECF No. 22 at 6.)

The specific issue at hand is whether equitable relief is available for failure to timely file under section 6511. Plaintiff cites several cases where courts have applied equitable estoppel against IRS. *See In re Anderson,* 650 B.R. 510, 517

---

[1] Contrary to Plaintiff's position, the availability of equitable tolling under the Social Security Act is not inconsistent with *Brockcamp. See Bowen v. City of New York,* 476 U.S. 467, 480 (1986) (observing that the statute was "designed to be unusually protective of claimants" and Congress had authorized the Secretary of Health and Human Services to toll the statute of limitations, "thus expressing its clear intention to allow allowing in some cases.")

(W.D. Tenn. 2023) (applying quasi-estoppel against the IRS in a bankruptcy case); *In re Kreidle*, 143 B.R. 941 (D. Colo. 1992) (applying equitable estoppel against IRS in Chapter 7 bankruptcy case); *Walsonavich v. United States*, 335 F.2d 96, 100 (3d Cir. 1964) (applying equitable estoppel against the IRS in tax refund case under 1954 Code); *Miller v. United States*, 500 F.2d 1007, 1010 (2d Cir. 1974) (applying equitable estoppel against the IRS under section 6532). None of these cases persuade this Court that equitable estoppel is available against the IRS under section 6511.

Therefore, Plaintiff's Motion for Reconsideration (ECF No. 23) is denied.

## IV.   Conclusion

It is therefore ordered that Plaintiff's Motion for Reconsideration (ECF No. 23) is DENIED.

Dated this 21st day of February, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE